{¶ 13} I respectfully concur in judgment only. I agree that this appeal by the State of Ohio should be dismissed, but on a different understanding of the law. The State appealed on grounds that the trial court erred when it granted appellee's motion to dismiss and further erred when it amended the indictment. However, the record is clear, albeit by poorly drafted entry, that the court denied the motion to dismiss and, further, at no time did the trial court amend the indictment.[1] The trial court did not dismiss anything; it merely found that the indictment as written was a misdemeanor of the first degree. Nothing was amended, nothing was "plea-bargained." The defendant merely pled to the indictment, and the court imposed a sentence appropriate to a misdemeanor of the first degree. The judgment entry reads in pertinent part as follows:
 {¶ 14} "Defendant fully advised in open court of his/her constitutional rights and penalties. Defendant retracts former plea of not guilty and enters a plea of guilty to receiving stolen property/2913.51-M1 as charged in the indictment. Court accepts Defendant's guilty plea."
 {¶ 15} I also disagree with the lead opinion's observation that the court placed the defendant on community control sanctions (which would be appropriate to a felony conviction). The court in fact placed the defendant on "probation," which is the appropriate disposition of a misdemeanor.
 {¶ 16} This attempted appeal by the State is without merit and, as provided in the lead opinion, the State should bear the costs.
[1] The court found that the indictment as written was in fact a misdemeanor. The indictment reads "* * * that the above named Defendant(s), on or about the date of the offense set forth above, in the County of Cuyahoga, unlawfully did receive, retain or dispose of a license plate validation sticker, the property of Robert L. Smith, knowing or having reasonable cause to believe that it had been obtained through the commission of a theft offense contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio."